UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| JEFF RANDALL, | ) |
| | ) |
| Plaintiff, | ) 3:09-CV-0578-LRH-RAM |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA ACTING BY AND THROUGH THE FOREST SERVICE, DEPARTMENT OF AGRICULTURE, | ) |
| | ) |
| Defendant. | ) |

Before the court is defendant the United States Forest Service's ("Forest Service") motion to dismiss. Doc. #11.[1] Plaintiff Jeff Randall ("Randall") filed an opposition (Doc. #14) to which the Forest Service replied (Doc. #18).

**I.      Facts and Background**

This action involves a dispute concerning improvements and title to real property. Randall is the current owner of real property located in Incline Village, Nevada. The Forest Service is the current owner of real property located adjacent to Randall's property in Incline Village, Nevada.

Randall alleges that on or about 1979 his predecessor in interest constructed certain improvements on approximately 500 square feet of land on land previously owned by the Forest

---

[1] Refers to the court's docket number.

Service and acquired by his predecessor through adverse possession. Randall further alleges that the improvements at issue were already in existence at the time Randall acquired his property.

On January 26, 2009, the Forest Service issued Randall a trespassing violation for unauthorized improvements on United States land. Subsequently, on September 30, 2009, Randall filed a complaint against defendant asserting claims for adverse possession and trespass over land that Randall alleges he acquired from the property's previous owner. Doc. #1.

On March 25, 2010, Randall filed an amended complaint against the Forest Service alleging five causes of action: (1) declaratory relief; (2) adverse possession; (3) negligence; (4) injunctive relief; and (5) trespass. Doc. #9. Thereafter, the Forest Service filed the present motion to dismiss. Doc. #11.

**II.   Discussion**

The Forest Service argues that the complaint should be dismissed in its entirety because (1) Randall failed to exhaust his administrative remedies, (2) the United States has not waived its sovereign immunity, and (3) the claims are not pled with sufficient particularity. Doc. #11. The court shall address each argument in turn.

**A. Administrative Exhaustion**

A plaintiff must exhaust available administrative remedies with a federal agency prior to bring a grievance to federal court. *See* 7 U.S.C. § 6912(e); 36 C.F.R. § 215.21. "To satisfy the exhaustion requirement, plaintiffs 'generally must structure their participation so that it alerts the agency to the parties' position and contentions, in order to allow the agency to give the issue meaningful consideration.'" *Forest Guardians v. U.S. Forest Serv.*, 578 F.3d 1114, 1120 (9th Cir. 2009) (quoting *Forest Guardians v. U.S. Forest Serv.*, 495 F.3d 1162, 1170 (10th Cir. 2007)). Failure to exhaust available administrative remedies operates as a jurisdictional bar to suit. *See Id.* at 1121; *see also Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

Here, Randall failed to file an administrative claim with the Forest Service before filing his

complaint. However, Randall argues that exhaustion is unnecessary in this instance because exhaustion would have been futile. *See e.g., Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980) (plaintiffs need not exhaust administrative remedies when doing so would be futile); *see also Forest Guardians v. Forest Service*, 579 F.3d 1114 (9th Cir. 2009). Exhaustion is futile if the administrative agency has already commenced an action concerning the underlying issue against the plaintiff. *Desert Outdoor Advertising v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996) (holding that exhaustion would have been futile in a permit action when the city already ordered plaintiff to remove signs).

The court finds that the exhaustion requirement would be futile in this instance because the Forest Service commenced an action in trespass against Randall for the property at issue. Accordingly, the court finds that Randall's suit may proceed against the Forest Service.

**B. Sovereign Immunity**

The United States is immune from any suit unless it explicitly consents to be sued by statute. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008). When pleading a cause of action against the United States, a plaintiff must identify the statute that specifically authorizes a suit against the United States. *United States v. Idaho*, 508 U.S. 1, 6-7 (1993). Here, the Forest Service contends that Randall's amended complaint fails to identify any statute which waives the United States sovereign immunity and should be dismissed.

In his complaint, Randall identifies the Federal Tort Claims Act, 28 U.S.C. § 1346(b), as establishing jurisdiction against the United States in this action. Pursuant to that act, "district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, . . . caused by the negligent or wrongful act or omission of an employee of the Government . . .." 28 U.S.C. § 1346(b). Accordingly, the court finds that Randall has established that the United States has waived its sovereign immunity in this action.

3

1    Additionally, Randall bring his claims for declaratory relief and adverse possession under
2  the Quiet Title Act, 28 U.S.C. § 2409a. Pursuant to the Quiet Title Act, "the United States may be
3  named as a defendant in a civil action . . . to adjudicate a disputed title to real property in which the
4  United States claims an interest." 28 U.S.C. § 2409a(a).

5    Here, the underlying dispute is over the title to real property the Forest Service claims an
6  interest in. Thus, the United States has waived its sovereign immunity in this action as to Randall's
7  declaratory relief claim. However, Randall's claim for adverse possession may not be brought
8  under the Quiet Title act and shall be accordingly dismissed. *See* 28 U.S.C. § 2409a(n) ("Nothing
9  in this section shall be construed to permit suits against the United States based upon adverse
10 possession.").

11   **C. Individual Claims**

12   Randall alleges in his complaint that the Quiet Title Act provides a statutory basis for his
13 declaratory relief quiet title claim and his adverse possession claim against the Forest Service.
14 Pursuant to the Quiet Title Act, a complaint is required to set forth with particularity "the nature of
15 the right, title, or interest which the plaintiff claims in the real property, the circumstances under
16 which it was acquired, and the right, title, or interest claimed by the United States."
17 28 U.S.C. § 2409a(d).

18   The court finds that Randall's complaint complies with the requirements of the Quiet Title
19 Act. The complaint identified the nature of Randall's right over the property and the circumstances
20 in which it was acquired by his purchase of the land from the previous owners who allegedly
21 acquired the property through a recognized adverse possession as well as the competing interest
22 and right claimed by the United States. Accordingly, Randall has sufficiently pled claims under the
23 Quiet Title Act.
24 ///
25 ///
26

1  IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #11) is
2  GRANTED in-part and DENIED in-part. Plaintiff's cause of action for adverse possession is
3  DISMISSED.
4  IT IS SO ORDERED.
5  DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE